**SHOU ZHONG LI, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

No. 07–4313–ag.

United States Court of Appeals, Second Circuit.

April 21, 2008.

Michael Brown, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; James A. Hunolt, Senior Litigation Counsel, Molly L. Debusschere, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Shou Zhong Li, a native and citizen of the People's Republic of China, seeks review of a September 12, 2007 order of the BIA denying his motion to reopen removal proceedings. *In re Li, Shou Zhong,* a.k.a. *George Nguyet,* No. A95 920 938 (B.I.A. Sept. 12, 2007). We assume the parties'

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

familiarity with the underlying facts and procedural history in this case.

When the agency denies a motion to reopen, this Court reviews the agency's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

A motion to reopen must be filed no later than 90 days after the date of the agency's final decision. 8 C.F.R. § 1003.2(c)(2). However, the 90–day filing deadline does not apply to a motion to reopen that is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see* 8 C.F.R. § 1003.2(c)(3)(ii).

■ We conclude that the BIA did not abuse its discretion in denying Li's motion to reopen. It is undisputed that Li's August 2007 motion to reopen was untimely where he filed it more than 90 days after the BIA's October 2005 decision affirming the IJ's denial of his applications for relief. 8 C.F.R. § 1003.2(c)(2). Additionally, we find no abuse of discretion in the BIA's conclusion that Li failed to demonstrate a change in country conditions that would warrant an exception to the filing deadline. 8 C.F.R. § 1003.2(c)(3)(ii). The record supports the BIA's finding that the undated Amnesty International Report in the record, which did not refer to any events occurring after 2000, did not constitute evidence which was unavailable at the time of Li's 2004 merits hearing. *Cf. Norani v. Gonzales,* 451 F.3d 292, 294 & n. 3 (2d Cir.2006) (looking to the date on which the IJ closed the record as the date before which the evidence must have been unavailable, undiscoverable, or unpresentable). Likewise, because the various affidavits submitted did not indicate when Li's brother was allegedly arrested and detained, we find no abuse of discretion in the IJ's finding that they did not constitute new or previously unavailable evidence. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

■ Regarding Li's claim that in July 2007, local government cadres went to his home in China and, indicating that they knew of his Falun Gong activities in the United States, issued a notice to his wife ordering her to inform him that he must return to China and "accept government investigation and punishment," we find no error in the BIA's finding that Li's evidence in support of that claim was insufficient to establish changed country circumstances. *See Ke Zhen Zhao,* 265 F.3d at 93. Li argues that because 8 C.F.R. § 1003.1(d)(3)(ii) deprives the BIA of the authority to engage in fact-finding, the BIA was "precluded from assessing the authenticity" of the notice allegedly issued by local authorities, and that, in any event, the BIA held him to too high a standard regarding authentication. However, we have expressly held that the BIA may properly consider an underlying adverse credibility determination in rejecting the authenticity of a notice submitted to it in the first instance. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–49 (2d Cir. 2007). Accordingly, the BIA did not abuse its discretion insofar as it declined to accord any probative weight to the unau-

thenticated notice. See *Ke Zhen Zhao,* 265 F.3d at 93.

Finally, we find no error in the BIA's finding that the affidavits in this case were insufficient to establish changed country conditions, where their veracity was called into question by the IJ's unchallenged adverse credibility determination. *Cf. Qin Wen Zheng,* 500 F.3d at 146–149; *Siewe v. Gonzales,* 480 F.3d 160, 170 (2d. Cir.2007) (emphasizing that "a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence"); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.